**UNITED STATES of America, Plaintiff/Appellee,**

v.

**Gerver EVENILSO–CRUZ, Defendant/Appellant.**

**No. 05–10471.**

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2006.*

Filed April 20, 2006.

Lisa A. Compagno, Assistant United States Attorney, Tucson, AZ, for Plaintiff/Appellee.

Peter Eric Herberg, Esq., Federal Public Defender's Office, Tucson, AZ, for Defendant/Appellant.

Before: SILER,** BERZON, and BYBEE, Circuit Judges.

MEMORANDUM ***

After being convicted of second-degree criminal sexual assault, Evenilso–Cruz was

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

removed from the United States in 2004. He subsequently returned to the United States and was convicted of illegal reentry under 8 U.S.C. § 1326. On June 14, 2005, the district court considered many mitigating factors and ultimately sentenced Evenilso–Cruz to thirty months in custody and three years of supervised release. Evenilso–Cruz appealed his sentence.

After *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), this Court reviews a district court's sentence for "unreasonableness." *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir.2006). Congress enumerated seven factors, in 18 U.S.C. § 3553(a), which a court is to consider when determining the reasonableness of a sentence. The district court in this case expressly considered all seven factors when imposing Evenilso–Cruz's sentence. Nevertheless, Evenilso–Cruz argues that his sentence is unreasonable because the district court failed to exercise its discretion and simply sentenced him as it would have under the pre-*Booker*, mandatory sentencing regime. However, the record contradicts Evenilso–Cruz's claim.

Not only did the district court advise Evenilso–Cruz, on more than one occasion, that the sentencing guidelines were merely advisory, but the district court expressly considered all statutorily required mitigating factors and ultimately imposed a sentence far below that which the sentencing guidelines suggested. Accordingly, Evenilso–Cruz's claim that the district court failed to exercise its discretion, and therefore imposed an unreasonably high sentence, is without merit.

The district court's decision is AFFIRMED.